# Exhibit A



December 1, 2022

Submitted online at requests.publiclink.hhs.gov

Freedom of Information Act Office
Hubert H. Humphrey Building., Room 729H
200 Independence Avenue, SW
Washington, DC 20201

Re:   Records related to announcements of new recommended timeframes for additional booster doses of COVID-19 vaccines

Dear Freedom of Information Act Officer:

The Functional Government Initiative (FGI) submits this request for records under the Freedom of Information Act, 5 U.S.C. § 552, as amended, and the relevant implementing regulations. FGI, a non-partisan organization, engages in research, investigation, and education to promote transparency in government and to support values that support a bright American future.

Your prompt response pursuant to the requirements of FOIA, 5 U.S.C. § 522(a)(6)(A), is appreciated.

This letter also includes requests for expedited processing and a waiver of fees.

BACKGROUND

On November 28, 2022, Vice President Kamala Harris tweeted, "One shot, once a year—that's all most people will need to stay protected from COVID year-long. Make a plan to get your shot at http://vaccines.gov."

The next day, Secretary of Health and Human Services Xavier Becerra tweeted, "An updated COVID vaccine can help protect you from the worst outcomes of COVID. If it's been over 2 months since your last dose, make a plan to get one now."

Judging from these tweets, especially without any scientific documentation for the public to review, Secretary Becerra apparently recommends six times more vaccine doses per year than the Vice President recommends.

On November 30, 2022, Secretary Becerra again tweeted a recommendation for vaccine shots every two months:

> Time to get your updated COVID vaccine if
> 1) You haven't gotten the updated vaccine yet & had the primary series or original booster 2+ months ago
> 2) It's been 3+ months since you've had COVID
> If you have a big event in 2+ weeks, it's a good time to go to http://vaccines.gov.

With repeated and differing messages within only a few days, these announcements are causing confusion, particularly given the blanket recommendation to all Americans provided by Secretary

1



Becerra. The recommended timing for COVID boosters has changed many times and is now changing again. At one time, the President, health officials, and many others said that the original COVID vaccine would provide permanent protection. Now our nation's top-ranking health official is recommending vaccine doses every two months.

The need for clarity becomes more dire considering reports of scientific-integrity issues around past actions of Secretary Becerra's top deputies and health officials. Recent media stories indicate there may have been an intentional suppression by the CDC of the ability to report potential side effects from the COVID-19 vaccine. Other stories have reported that the traditional approval process for the vaccine and booster shots for various populations have at times been disregarded.

These approval protocols exist for both efficacy and safety reasons, leaving the public to wonder whether public health will be improved or threatened by a booster shot for every American every two months as recommended by Secretary Becerra. Accordingly, there is an urgent need for clarification to the public in this matter.

REQUESTED RECORDS

FGI requests the following:

1. Any communications to Secretary Becerra from senior government officials within HHS or its component agencies or offices advising that he should recommend a COVID booster shot every two months for all Americans.
2. Any scientific support relied on by Secretary Becerra when approving or issuing the tweet recommending that all Americans receive a booster shot every two months.
3. Any study, synopsis, or similar statement or document of scientific, academic, or government research on whether a bi-monthly booster shot will effectively prevent the transmission or susceptibility to COVID-19 and known active variants as of November 2022.
4. Any records of communications, memos, or analyses provided to Secretary Becerra discussing the safety concerns of booster shots for COVID-19.
5. The timeline for this request should be October 1, 2022, through the November 30, 2022.

Please provide records in either of the following formats:

1. Load-ready format with an index in .csv file or Excel spreadsheet, or
2. In .pdf format without any portfolios or embedded files and not in a single batched pdf file..

If you should seek to withhold or redact any responsive records, we request that you do the following:

1. Identify each such record with specificity, including date, author, recipient, and parties copied,
2. Explain in full the basis for withholding responsive material,
3. Provide all segregable portions of the records for which you claim a specific exemption[1], and
4. Correlate any redactions with specific exemptions under FOIA.

---

[1] See 5 U.S.C. § 552(b).



If you or your office have destroyed or decide to withhold any records that could be reasonably construed to be responsive to this request, we ask that you indicate this fact and the reasons for doing so in your response.

Agencies are prohibited from denying requests for information under FOIA unless the agency reasonably believes release of the information will harm an interest that is protected by the exemption.[2]

Should you decide to invoke a FOIA exemption or any subsection (c) exclusions, please include sufficient information for us to assess the basis for the exemption, including any interests that would be harmed by release. Please include a detailed ledger with the following:

1. Basic factual material about each withheld record, including the originator, date, length, general subject matter, and location of each item, and
2. Complete justifications for each withheld records, including the specific exemptions under which the record or portion thereof, was withheld and a full explanation of how each exemption applies to the withheld material. Such statements will be helpful in deciding whether to appeal an adverse determination. Your written justification may help to avoid litigation.

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and send the non-exempt portions to my email address below within the statutory time limit.[3]

FGI is willing to receive records on a rolling basis.

REQUEST FOR EXPEDITED PROCESSING

Pursuant to 5 U.S.C. § 502 (a)(6)(E) and 45 C.F.R. § 5.27, FGI requests expedited processing based on a compelling need for the requested records.

FOIA provides that, notwithstanding any agency regulations to the contrary, an agency "must ensure" that a determination of whether to provide expedited processing shall be made and notice of the determination provided to the person making the request within 10 days after the date of the request.[4] HHS regulations confirm that the required response will be made and provided to the requester within 10 calendar days of receipt of the request.[5]

HHS's FOIA regulations provide further that it will make a determination to process a request on an expedited basis whenever one or more of the following criteria exist:

> (1) That a failure to obtain requested records on an expedited basis could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or
>
> (2) There is an urgent need to inform the public about an actual or alleged Federal Government activity (this criterion applies only to those requests made by a person primarily engaged in

---

[2] FOIA Improvement Act of 2016 (Public Law No. 114-185), 5 U.S.C. § 552(a)(8)(A).
[3] 5 U.S.C. § 552(b).
[4] 5 U.S.C. § 502 (a)(6)(E)(ii).
[5] 45 C.F.R. § 5.27 (c).



disseminating information to the public).⁶

The request satisfies these requirements. FGI's primary purpose is to research and analyze actions by the federal government and then disseminate the information to the public about activities of the Federal Government. We obtain records through FOIA, litigation, and research, among other activities, and we analyze and present the information to the public. Also, information about public health provided by the and Secretary of HHS regarding COVID vaccinations plainly involves significant government activity at the highest levels.

There is urgent public need for clarification. There remain unresolved issues related to COVID-19 and the COVID vaccines, discussed above. The physical safety of the American public warrants the expedited release of the requested records.

In the wake of the ever-changing recommendations related to COVID-19 from federal officials, any delay in release of this information could compromise public health. The release of the records sought by FGI will directly address the urgent need for public understanding of the current recommendation for a two-month vaccination schedule. Accordingly, HHS must make the requested records available on an expedited basis for independent review and dissemination to the public.

REQUEST FOR FEE WAIVER

Pursuant to 5 U.S.C. § 552 and the relevant implementing regulations, we request a waiver of fees for searching and producing the records described above. FOIA provides for a waiver of fees when a request is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." ⁷

Below are details explaining (1) how the disclosure of the requested records is in the public interest, (2) that FGI intends distribute information to a broad audience of interested persons, and (3) that FGI has no commercial interests.

In addition, FGI is a "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience" and thus qualifies as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii). Below are details explaining (4) how FGI clearly meets these criteria.

1. THE REQUEST IS IN THE PUBLIC INTEREST.

Under FOIA, an agency must consider factors to determine whether a request is in the public interest. These include the following:

    A. Whether the subject of the requested records concerns "the operations or activities of the Federal government,"
    B. Whether the disclosure is "likely to contribute significantly" to an understanding of government operations or activities, and

---

⁶ 45 C.F.R. § 5.27 (b) and (c).
⁷ 5 U.S.C. § 552(a)(4)(A)(iii).



  C. Whether the disclosure "will contribute to public understanding" of a reasonably broad audience of persons interested in the subject.

As shown below, FGI meets each of these factors.

**A. The requested records concern the operations and activities of the Federal government.**

The subject matter of this request relates to new recommendations from the Secretary on vaccination schedules. The Department of Justice Freedom of Information Act Guide acknowledges that "in most cases records possessed by a federal agency will meet this threshold."[8] The threshold is met here not only because the records sought are by nature possessed by agency staff but also because they relate to work as part of the federal government. Thus, FGI meets this factor.

**B. Disclosure is "likely to contribute significantly" to an understanding of government operations or activities.**

Disclosure of the requested records is certain to contribute to public understanding by providing important data for public understanding of the rapidly changing recommendations from health officials on COVID vaccination schedules. Once the information is available, FGI will evaluate the information and present it to its followers and the public.

FGI is not requesting these records merely for their intrinsic informational value. The public is always well served when it knows how the government conducts its activities, and the requested records would provide insight in how important decisions were made by federal officials. Hence, there can be no dispute that disclosure of the requested records to the public will significantly increasing the public's understanding about the agency's actions and decisions and whether agency actions were conducted in an objective and legal way. Thus, FGI meets this factor.

**C. Disclosure of the requested records will contribute to the understanding of a reasonably broad audience.**

FGI has the ability and intention to convey this information to a broad audience (by means discussed in Section 2 below). The public does not currently have an ability to easily evaluate the requested records that would show the number of SES employees who spend a significant time working away from an office. We are unaware of these records having been released to date.

Such public oversight of agency action is vital to our democratic system and clearly envisioned by the drafters of the FOIA. Thus, FGI meets this factor.

  2. <u>FGI HAS THE ABILITY AND INTENT TO DISSEMINATE THE INFORMATION TO A REASONABLY BROAD AUDIENCE INTERESTED IN THE SUBJECT.</u>

FGI is a non-partisan organization that researches government operations and disseminates its findings and analysis to the public. A key component in being able in to fulfill this mission is access to information about the activities and decisions of government officials. Once the information is obtained, FGI has robust mechanisms in place, including its website, social media channels, and other similar

---

[8] https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/fees-feewaivers.pdf



platforms, to share information with the public. FGI intends to use its channels to publish the information from these requested records, along with expert analysis. FGI also has a broad network of reporters, bloggers, and media publications with interest in its content and with durable relationships with the organization. FGI intends to use these far-reaching media outlets to publicize information obtained from this request.

In determining whether disclosure of requested information will contribute significantly to public understanding, a guiding test is whether the requester will disseminate the information to a reasonably broad audience of persons interested in the subject.[9] FGI need not show how it intends to distribute the information, because, "nothing in FOIA, the [agency] regulation, or our case law require[s] such pointless specificity."[10] It is sufficient for FGI to show how it distributes information to the public generally.[11]

### 3. OBTAINING THE REQUESTED RECORDS IS OF NO COMMERCIAL INTEREST TO FGI.

Disclosure is in no way connected with any commercial interest of the requestors. FGI is a non-partisan organization and has no commercial interests and will realize no commercial benefit from the release of the requested records.

### 4. FGI IS A REPRESENTATIVE OF THE NEWS MEDIA.

Under FOIA, the term "representative of the news media" includes any person or entity that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience."[12]  In *Cause of Action v. Federal Trade Commission*, the Court of Appeals for the District of Columbia broke the test for who is a media entity into five parts: "A requester must: (1) gather information of potential interest (2) to a segment of the public; (3) use its editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to an audience."[13] [14]

In interpreting this test, the court noted "the news-media waiver . . . focuses on the nature of the *requester*, not its request."[15] Accordingly, where a requester "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[16]  Moreover, the media entity waiver applies to newer organizations as well as older ones: "there is no indication that Congress meant to make the lack of a prior publication record disqualifying when it enacted the statutory definition in 2007."[17]

    **A.  FGI gathers information of potential interest.**

---

[9] *Carney v U.S. Dept. of Justice*, 19 F.3d 807 (2nd Cir. 1994).
[10] *Judicial Watch*, 326 F.3d at 1314.
[11] *Id*.
[12] 5 U.S.C. § 552(a)(4)(A)(ii).
[13] 799 F.3d 1108, 1120 (D.C. Cir. 2015).
[14] The court further noted that "the news-media fee waiver applies only to records that 'are not sought for commercial use.'" *Cause of Action*, 700 F.3d at 1120.  For the reasons set forth in section 3 above, FGI is not requesting these records for commercial use.
[15] 799 F.3d 1108, 1120 (D.C. Cir. 2015) at 1121 (emphasis in the original).
[16] *Id.*
[17] *Id.* at 1124.



FGI's mission is to demand transparency and promote shared values and beliefs in a thriving economy, a healthy America, a strong and equitable workforce, and a safe and clean environment.  As part of this mission, FGI engages in investigations and education initiatives around important issues, including high energy prices, the government's COVID-19 response, and government transparency. These are topics of potentially broad public interest, as evidenced by the fact that multiple news outlets have written stories on releases issued by FGI in our short but active existence. You can see many of FGI's media mentions at https://functionalgovernment.org/category/media-mentions/.

### B.   FGI gathers information of interest to a segment of the public.

As demonstrated above, the information that FGI gathers is of interest to a segment of the public. This includes, but is not limited to, the segment of the public concerned with government transparency. The size of the segment of the public interests in any particularly information gathering project may vary, however, as the court has noted, "[a] newspaper reporter, for example, is a representative of the news media regardless of how much interest there is in the story for which he or she is requesting information."[18]  Moreover, as long as FGI "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[19]

As set forth above, FGI believes that this request is of interest to a reasonably broad segment of the public. Even if the agency disagrees, however, there can be no doubt that other issues about which FGI gathers information, such as drivers of inflation in the United States, energy prices, government transparency and more, are of interest to a significant audience.

Accordingly, FGI is an organization that gathers information of interest to a segment of the population.

### C.   FGI uses its editorial skills to turn raw materials into distinct works.

As the D.C. Circuit Court has stated, "A substantive press release or editorial comment can be a distinct work based on the underlying material, just as a newspaper article about the same documents would be — and its composition can involve 'a significant degree of editorial discretion.'"[20] Furthermore, "nothing in principle prevents a journalist from producing 'distinct work' that is based exclusively on documents obtained through FOIA."[21]

FGI is an entity that uses its editorial skills to turn raw materials into distinct works.  It routinely issues substantive press releases detailing its activities, posted at https://functionalgovernment.org/category/press-releases/. These press releases have included and will continue to include substantive analysis of the information gathered by FGI and involve a significant degree of editorial discretion. FGI has also prepared detailed reports, which are linked under "Media" at https://functionalgovernment.org.

FGI also provides substantive editorial comment to other journalists and intends to continue to do so.

---

[18] *Cause of Action*, 799 F.3d at 1121.
[19] *Id.*
[20] *Cause of Action*, 799 F.3d 1122 (quoting *Nat. Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989)).
[21] *Id.*



Many of FGI's media mentions are posted at https://functionalgovernment.org/category/media-mentions/.

Like a newspaper or other media outlet, FGI uses its editorial skills to turn raw materials into distinct works and intends to do so for other subjects as it gathers additional information. Thus, FGI meets this test.

### D. FGI distributes its work to an audience.

For purposes of FOIA, "posting content to a public website can qualify as a means of distributing it — notwithstanding that readers have to affirmatively access the content, rather than have it delivered to their doorsteps or beamed into their homes unbidden."[22]  Moreover, while "[t]here is no doubt that the requirement that a requester distribute its work to 'an audience' contemplates that the work is distributed to more than a single person . . . beyond requiring that a person or entity have readers (or listeners or viewers), the statute does not specify what size the audience must be."[23] Additionally, "[t]he fact that [a media entity's] readership is relatively small … is irrelevant."[24]

Assessing whether a media entity distributes its work to an audience includes consideration of "past record, current operations, and future plans jointly."[25]

In addition, the court rejected "the suggestion that a public interest advocacy organization cannot satisfy the statute's distribution criterion because it is 'more like a middleman for dissemination to the media than a representative of the media itself,'" concluding "there is no indication that Congress meant to distinguish between those who reach their ultimate audiences directly and those who partner with others to do so, as some recognized journalistic enterprises do."[26]

FGI will continue to use its website to distribute original editorial content, including press releases.  FGI has email subscribers and intends to establish a greater social media presence to reach its audience directly.  In addition, FGI has a broad network of reporters, bloggers, and media publications with interest in its content and with durable relationships with the organization that FGI can partner with to distribute distinct editorial commentary.

Accordingly, FGI distributes its work to an audience.

### E. FGI qualifies as a representative of the news media.

Under the applicable law, a government accountability group qualifies as a media organization for purposes of FOIA when it gathers information of potential interest and uses it to create original content, which can be as simple as issuing a press release or comment to other media organizations, and distributes it, which can be as simple as posting it on a website with an audience greater than one. This is true even when an organization is new and does not have a long track record.

---

[22] *Cause of Action*, 799 F.3d at 1123.
[23] *Id*. at 1124 (footnote omitted).
[24] *Id*. at 1124 (quoting *Tax Analysts v. Dept. of Justice*, 965 F.2d 1092, 1095 (D.C. Cir. 1992)).
[25] *Id.* at 1124.
[26] *Id*. at 1125 (citations omitted).



Accordingly, under the standard set forth in FOIA, and interpreted in *Cause of Action*, FGI clearly qualifies as a representative of the news media.

FGI QUALIFIES FOR A FULL FEE WAIVER.

For all the foregoing reasons, FGI qualifies for a full fee waiver. At minimum, FGI qualifies as a representative of the news media that is exempt from search and production costs. We anticipate that you will promptly waive fees and then begin to search and disclose the requested records.

Thank you for your prompt attention to this request. If you have any questions, please contact me. Records and any related correspondence should be sent to my attention to the email address below.

    Sincerely,


    Chris Stanley
    Director
    Functional Government Initiative
    6218 Georgia Avenue NW, Ste 1 - 1235
    Washington, DC 20011-5125
    chris@functionalgovernment.org

# Exhibit B

**From:** Sufian, Ruhma foiarequest@hhs.gov
**Subject:** HHS FOIA Acknowledgement Letter -- 2023-00199-FOIA-OS
**Date:** December 2, 2022 at 12:56 PM
**To:** chris@functionalgovernment.org

Dear Mr.. Stanley

Please see the attached Acknowledgement Letter in response to your FOIA Request submitted to the Department of Health and Human Services (HHS) via PAL on December 02, 2022.
The letter contains important information concerning your FOIA matter which has been assigned tracking number **2023-00199-FOIA-OS**.
For status updates or other inquiries, please contact our office via email at FOIARequest@hhs.gov. *Please include your tracking number in the subject line of your inquiry,*

Sincerely,

Ruhma Sufian
OS FOIA Division Intake
Assistant Secretary for Public Affairs (ASPA)
Office of the Secretary (OS)
U.S. Department of Health and Human Services (HHS)

Acknowledgement Letter .pdf

**DEPARTMENT OF HEALTH & HUMAN SERVICES**  Office of the Secretary

Assistant Secretary for Public Affairs
Washington, D.C. 20201

Refer to: Request Number **2023-00199-FOIA-OS**

**December 02, 2022**

*Sent via email:*
Chris Stanley
**chris@functionalgovernment.org**

Dear Mr. Stanley:

This acknowledges receipt of your December 01, 2022, Freedom of Information Act (FOIA) request, submitted to the Department of Health and Human Services (HHS), FOI/Privacy Acts Division concerning "FGI requests the following:
1.      Any communications to Secretary Becerra from senior government officials within HHS or its component agencies or offices advising that he should recommend a COVID booster shot every two months for all Americans.
2.      Any scientific support relied on by Secretary Becerra when approving or issuing the tweet recommending that all Americans receive a booster shot every two months.
3.      Any study, synopsis, or similar statement or document of scientific, academic, or government research on whether a bi-monthly booster shot will effectively prevent the transmission or susceptibility to COVID-19 and known active variants as of November 2022.
4.      Any records of communications, memos, or analyses provided to Secretary Becerra discussing the safety concerns of booster shots for COVID-19.
5.      The timeline for this request should be October 1, 2022, through the November 30, 2022.

Please see the attached letter for more details, including requests for both expedited processing and a waiver of fees.
 (Date Range for Record Search: From 10/01/2022 To 11/30/2022)". We received your request on December 02, 2022.

Because you seek records which require a search in another office, "unusual circumstances" apply to your request, automatically extending the time limit to respond to your request for ten additional days. See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2012 & Supp. V. 2017). Further, we estimate needing more than 10 additional days to respond to your request and so, in the next paragraph of this letter we are offering you an opportunity to narrow your request, in case narrowing the request would enable us to respond to the request sooner. The actual time needed to process your request will depend on the complexity of our records search and on the volume and complexity of any material located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Our current workload is approximately 3000 cases.

Your request is assigned to the complex track. In an effort to speed up our records search, you may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing, should records be located. You may also wish to await the completion of our records search to discuss either of these options.

I regret the necessity of this delay, but I assure you that your request will be processed as soon as possible. If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact the analyst handling your request, Ruhma Sufian at Ruhma.Sufian@hhs.gov.

If you are not satisfied with any aspect of the processing and handling of this request, you have the right to seek dispute resolution services from:

>  HHS FOIA/PA Public Liaison
>  FOI/Privacy Acts Division
>  Assistant Secretary for Public Affairs (ASPA)
>  Office of the Secretary (OS)
>  U.S. Department of Health and Human Services (HHS)
>
>  Telephone: (202) 690-7453
>  E-mail: HHS_FOIA_Public_Liaison@hhs.gov

and/or:

>  Office of Government Information Services
>  National Archives and Records Administration
>  Telephone: 202- 741-5770
>  Toll-Free: 1-877-684-6448
>  E-mail: ogis@nara.gov

If you are not already submitting your requests through our Public Access Link (PAL), we recommend all future requests and appeals be submitted through PAL - https://requests.publiclink.hhs.gov/.  Submitting requests through PAL automatically logs your requests into our tracking system and provides you with a tracking number. Your PAL account will allow you to track the progress of your request, receive your documents directly through the portal, and securely submit privacy-sensitive or business-sensitive documents.

Sincerely yours,

Arianne Perkins
Director, Initial FOIA Requests



**DEPARTMENT OF HEALTH & HUMAN SERVICES**   Office of the Secretary

Assistant Secretary for Public Affairs
Washington, D.C. 20201

FOI/Privacy Acts Division